41073. SCHIEFFELIN & COMPANY v. STRICKLAND et al.
(320 SE2d 358)

HILL, Chief Justice.

Schieffelin & Company, a New York corporation, is a licensed producer of distilled spirits and an importer of wines. Prior to 1981, it distributed distilled spirits and wine in Georgia through five designated wholesalers. Pursuant to applicable rules, on July 2, 1981, Schieffelin filed with the Revenue Commissioner, W. E. Strickland, its Notice of Intention to Change Designated Wholesalers whereby it would thereafter do business in Georgia through one of its designated wholesalers. The other four wholesalers objected. After hearings in January and February 1982, the Commissioner denied Schieffelin's proposed reduction of wholesalers by order entered July 21, 1982.

On August 19, 1982, Schieffelin filed in the Superior Court of

───────

Fulton County four proceedings to contest the Commissioner's order, as follows: (1) a petition for certiorari, (2) a complaint for injunctive relief, (3) a petition for review under the Administrative Procedure Act, and (4) an administrative appeal under the Revenue Code, now OCGA § 48-2-59. The trial court consolidated the four proceedings, treated them as one for judicial review under the Administrative Procedure Act, and affirmed the Commissioner's administrative order on December 20, 1983.

Schieffelin appealed directly to this court within 30 days under OCGA § 5-6-34, without filing an application to appeal under OCGA § 5-6-35. Relying on this omission, the wholesalers and the Commissioner filed a motion to dismiss the appeal in this court.

In 1975, in *Blackmon v. Alexander*, 233 Ga. 832, 835 (213 SE2d 842) (1975), we held that because the Administrative Procedure Act (APA) was not at that time applicable to the regulation of liquor and alcoholic beverages under what was then Code Ann. § 3A-102 (a), judicial review of the Commissioner's denial or cancellation of liquor licenses was available by an independent suit in equity. At that time Code Ann. § 3A-102 (a) provided: "For the purpose of this Chapter: (a) 'agency' means each State board, bureau, commission, department, activity or officer authorized by law expressly to make rules and regulations or to determine contested cases *except . . . the regulation of liquor and alcoholic beverages . . . .*" (Emphasis supplied.) Thereafter, however, in 1980, the General Assembly completely revised the statutes relating to alcoholic beverages by adopting Title 5A (now Title 3 of the Official Code of Georgia Annotated). Ga. L. 1980, p. 1573 et seq. Among its many provisions was included an amendment to the APA (then Title 3A, now OCGA Ch. 50-13) striking "the regulation of liquor and alcoholic beverages" as an exception to the applicability of the APA. Ga. L. 1980, p. 1573 at 1651. That act was to become effective July 1, 1981. Ga. L. 1980, p. 1573 at 1652. Thus, after that date the Commissioner's rules and regulations and decisions in contested cases relating to the regulation of alcoholic beverages would be reviewable under the APA.

During the 1981 session, the effective date of this amendment to the APA was delayed until July 1, 1982. Ga. L. 1981, p. 1269 at 1305. But before that date the legislature, in its 1982 session, again amended the APA. In Section 6 of the 1982 Act, the APA was changed by adding as an *exception* to its provisions "the Department of Revenue when conducting hearings on the denial, suspension or cancellation of licenses relating to alcoholic beverages . . . ." Ga. L. 1982, p. 1463 at 1468-69. In Section 7 of the 1982 Act, the 1980 amendment was repealed. Ga. L. 1982, p. 1463 at 1469-70. These amendments became effective April 16, 1982. Ga. L. 1982, p. 1463 at 1476. Section 6 was carried forward into § 50-13-2 of the Official Code

of Georgia Annotated which became effective November 1, 1982. Ga. L. 1982, p. 1463 at 1475-76. As can be seen, the first and only amendment to the APA pertinent here which became effective was the one which became effective on April 16, 1982 and which now appears in OCGA § 50-13-2.

Schieffelin's administrative petition was filed with the Commissioner on July 2, 1981, while the regulation of liquor and alcoholic beverages was exempt from the APA. The Revenue Commissioner's order was entered on July 21, 1982, at which time the APA included the regulation of liquor and alcoholic beverages except Revenue Department hearings on the denial, suspension or cancellation of licenses relating to alcoholic beverages. Similarly, the 1982 amendment was in effect when Schieffelin sought review of the Commissioner's order in Fulton Superior Court.

The matter before the Revenue Commissioner (termination of four of Schieffelin's wholesalers) was a "contested case" within the meaning of the APA, OCGA § 50-13-2 (2), and did not involve the suspension or cancellation of licenses. Thus, the trial court was correct in treating review of the Commissioner's order as a petition for judicial review pursuant to the APA. OCGA § 50-13-19.

Appeals from decisions of the superior courts reviewing decisions of state administrative agencies, including decisions of the Revenue Commissioner (except cases involving ad valorem taxes), require an application to appeal made pursuant to OCGA § 5-6-35. *Wheeler v. Strickland,* 248 Ga. 85 (281 SE2d 556) (1981); *Plantation Pipe Line Co. v. Strickland,* 249 Ga. 829 (294 SE2d 471) (1982). This requirement applies when the procedure for appealing an administrative case is prescribed by law, albeit a law other than the APA. See *Wheeler* and *Plantation Pipe Line,* supra.

Citing OCGA § 5-6-34 (a) (4), Schieffelin argues that it has the right of direct appeal to this court because it was denied injunctive relief by the superior court. Schieffelin was not entitled to maintain its suit for injunctive relief because Schieffelin had an adequate remedy at law, to wit: judicial review pursuant to OCGA § 50-13-19, supra. The holding of *Blackmon v. Alexander,* supra, is inapplicable where an adequate means of review of the Commissioner's decisions is prescribed by law.

There having been no application to appeal as required by OCGA § 5-6-35, the motion to dismiss made by the wholesalers and the Commissioner is granted.

*Appeal dismissed. All the Justices concur.*

388

Hansell & Post, Trammell E. Vickery, John G. Parker, for appellant.

Michael J. Bowers, Attorney General, David A Runnion, Assistant Attorney General, McDaniel, Chorey & Taylor; John L. Taylor, Jr., Arnall, Golden & Gregory, S. Jarvin Levison, Bouhan, Williams & Levy, Frank W. Seiler, Hatcher, Stubbs, Land, Hollis & Rothschild, Richard Y. Bradley, Hurt, Richardson, Garner, Todd & Cadenhead, Richard R. Richardson, William L. Harper, for appellees.