## A94A0009. SMITH v. DEPARTMENT OF HUMAN RESOURCES et al.

(448 SE2d 372)

BEASLEY, Presiding Judge.

In January 1992, Smith filed a petition against the Georgia Department of Human Resources ("DHR"), the State Personnel Board, and the Employees' Retirement System of Georgia. Plaintiff filed the petition pursuant to the Declaratory Judgment Act (OCGA § 9-4-1 et seq.), the Administrative Procedure Act (OCGA § 50-13-10), and the law governing the Employees' Retirement System (OCGA § 47-2-1 et seq.).

Plaintiff is employed by the DHR. She became a Senior Court Service Worker but was assigned the responsibilities of a Community Detention Worker in Hall County. For a period ending in April 1990, she performed the duties of District II Contract Service Coordinator. In August 1991, the DHR entered a reduction in force plan pursuant to a budget cut by the state legislature. Plaintiff asserts that as a result of this plan, the position of District II Contract Service Coordinator was eliminated on paper, but in actuality her position as Community Detention Worker in Hall County was eliminated, and she was reassigned to a position as an intake officer in Barrow County in November 1991. Her appeal of her reassignment was denied by the State Personnel Board.

Plaintiff seeks to be restored to her position as Community Detention Worker in Hall County or in the alternative to be declared involuntarily separated from her employment as being reassigned to a position not reasonably compatible to her previously assigned position as contemplated by OCGA § 47-2-123 (h) (2) (B).

The State Personnel Board and DHR moved to dismiss. The State Personnel Board argued that it is excluded from the coverage of the Administrative Procedure Act under OCGA § 50-13-2 (1). The DHR argued that although it is not excluded from coverage, personnel matters are excluded under OCGA § 50-13-2 (6) (H). Both of these defendants argued that a declaratory judgment action will not lie here since the rights of the parties have accrued in that plaintiff's job reassignment has already taken place, and plaintiff faces no risk of taking future undirected action. *State Health Planning Agency v. Coastal Empire Rehab. Hosp.*, 261 Ga. 832 (412 SE2d 532) (1992); *Dept. of Corrections v. Brown*, 198 Ga. App. 862 (403 SE2d 452) (1991). The Employees' Retirement System moved to dismiss on other grounds. The trial court granted defendants' motions to dismiss on the grounds asserted by the DHR and State Personnel Board.

Plaintiff filed a notice of appeal in the Georgia Supreme Court on the ground that she is seeking equitable relief. Finding no equitable issues involved in this appeal, the Supreme Court transferred the ap-

peal to this court. We then dismissed the appeal due to plaintiff's failure to follow application requirements for appeals from judgments of the superior court reviewing decisions of state or local administrative agencies. OCGA § 5-6-35 (a) (1). The Supreme Court granted plaintiff's application for certiorari and remanded the appeal to this court for consideration in light of the overruling of *State Farm Mut. Auto. Ins. Co. v. Yancey*, 258 Ga. 802 (375 SE2d 39) (1989), in *Martin v. Williams*, 263 Ga. 707 (438 SE2d 353) (1994).

1. In *Martin*, appellants filed a motion styled as both a motion for new trial and a motion to set aside the judgment. The denial of a motion for new trial is directly appealable under OCGA § 5-6-34 (a). The denial of a motion to set aside a judgment has to be appealed under the application requirements of OCGA § 5-6-35. OCGA § 5-6-35 (a) (8). Citing *Yancey*, we dismissed the entire appeal because of appellants' failure to follow the application requirements.

The Supreme Court reversed. In Division 2 of its opinion, the Court held that *Yancey* "only stands for the proposition that if a party is appealing directly from a denial of a motion for new trial, the party may not add to that appeal issues relating to a denial of a motion to set aside a judgment that, standing alone, would be subject to the application requirements of [OCGA] § 5-6-35." Id. at 708-709. However, in Division 3, the Court overruled *Yancey* as being in conflict with other Supreme Court decisions liberally construing OCGA § 5-6-34 (d) so as to permit an order that is not directly appealable by itself to be appealed along with a separate, directly appealable order.

2. Under *Martin's* overruling of *Yancey*, plaintiff may appeal the denial of her request for a declaratory judgment and, under OCGA § 5-6-34 (d), add to that appeal issues relating to other rulings which may affect the proceedings below without regard to whether they are appealable standing alone.

Plaintiff's only contention is that the trial court erred in dismissing her claim for declaratory relief. She argues that the trial court has in effect ruled that by reason of her taking the new position, any questions for declaratory judgment are moot. She states that this case is not moot, since there exists an actual controversy as to whether she has been involuntarily separated.

Plaintiff has mischaracterized the court's order. The court did not rule that this case is moot but instead that a declaratory judgment action will not lie since the rights of the parties have accrued and plaintiff faces no risk of taking future undirected action. Since plaintiff does not challenge this ruling, we reject her contention that the court erred in dismissing her request for declaratory relief. See *Dept. of Corrections v. Brown*, supra.

*Alford v. Pub. Svc. Comm.*, 262 Ga. 386 (418 SE2d 13) (1992),

relied upon by plaintiff, is distinguishable in that the aggrieved state employee petitioned for writ of mandamus and damages rather than for a declaratory judgment.

*Judgment affirmed. Andrews and Johnson, JJ., concur.*

DECIDED AUGUST 15, 1994 —
RECONSIDERATION DENIED AUGUST 26, 1994 —

*Macklyn A. Smith, Sr.,* for appellant.

*Michael J. Bowers, Attorney General, Wayne P. Yancey, Susan L. Rutherford, Jeffrey L. Milsteen, Senior Assistant Attorneys General,* for appellees.