## S02A0002. FERGUSON v. COMPOSITE STATE BOARD OF MEDICAL EXAMINERS.
### (564 SE2d 715)

SEARS, Presiding Justice.

Appellant David Ferguson has filed a direct appeal and a discretionary application from the superior court's denial of mandamus relief, seeking to reverse the decision of the Georgia Composite State Board of Medical Examiners to deny the reinstatement of his medical license. We have previously reviewed Ferguson's application to appeal, and denied it on the merits. As for his direct appeal, even though it is brought from the denial of mandamus relief, a ruling that is included in the direct appeal statute,[1] the appeal's underlying subject matter falls within the discretionary appeal statute.[2] Reaffirming our rule enunciated in *Rebich v. Miles*,[3] we hold that the underlying subject matter listed in the discretionary appeal statute prevails over the procedural judgment listed in the direct appeal statute. Therefore, Ferguson's direct appeal must be dismissed.

Ferguson was licensed to practice medicine in Georgia and Virginia from 1987 until 1992, when his medical license was revoked by appellee Georgia Composite State Board of Medical Examiners ("the Board"). Six years later, Ferguson petitioned for reinstatement of his license. Following Ferguson's appearance before it in November 1998, the Board passed a motion granting reinstatement of his license. In December 1998, Ferguson received a letter from the Georgia Department of Law advising him it intended to prepare a preliminary consent order authorizing his license reinstatement. The consent order never materialized.

On June 14, 1999, the Board informed Ferguson that it had reconsidered its decision and was denying reinstatement of his medical license. In May 2000, Ferguson appeared before the Board to make a statement regarding the denial of reinstatement. Thereafter, the Board affirmed its decision. In January 2001, Ferguson filed a petition in superior court for a writ of mandamus, asking the court to require the Board to reinstate his license. The superior court denied mandamus relief, and Ferguson filed both a direct appeal to this

---

[1] OCGA § 5-6-34.
[2] OCGA § 5-6-35.
[3] 264 Ga. 467, 468 (448 SE2d 192) (1994).

Court and a discretionary application. The application was denied on the merits, and for the reasons explained below, we now dismiss the direct appeal.

1. This Court has a duty to consider its jurisdiction over any case that is brought before it, regardless of whether jurisdiction is challenged by one of the parties.[4] Of course, we have already properly considered Ferguson's claims when we reviewed and rejected his discretionary application to appeal. That being so, he has no right to file a direct appeal and obtain a second review of those same claims.

However, pretermitting the fact that Ferguson has already had an appellate review of his claims, we take this opportunity to reiterate our ruling in *Rebich v. Miles,* supra. This particular matter is a direct appeal from the denial of a petition for a writ of mandamus against the Board, a state agency. It is true, of course, that "[a]ll judgments or orders granting or refusing to grant mandamus" may be appealed directly from the trial court.[5] However, OCGA § 5-6-35 (a) (1) requires that all appeals from "decisions of the superior courts reviewing decisions of . . . state and local administrative agencies" must be brought to this Court by way of the discretionary appeal procedures set forth in OCGA § 5-6-35.[6] OCGA § 5-6-35 was enacted by the Legislature in order to reduce the massive caseload of Georgia's appellate courts;[7] " '[t]he clear intent of [OCGA § 5-6-35] was to give the appellate courts . . . the discretion not to entertain an appeal where the superior court had reviewed a decision of certain specified lower tribunals (i.e., two tribunals had already adjudicated the case).' "[8]

This is a case in which the trial court issued a judgment listed in the direct appeal statute (mandamus), concerning subject matter that is covered under the discretionary appeal statute (administrative agency review). In that situation, this Court established in *Rebich,* supra, that an application to appeal is required, because the underlying subject matter is listed in OCGA § 5-6-35 (a).[9] "[When] a judgment or an order . . . [is] subject to direct appellate review . . . it is subject to the discretionary application procedure if the underlying subject matter of the appeal is one contained in OCGA § 5-6-35."[10]

---

[4] *Davidson v. Callaway,* 274 Ga. 813 (559 SE2d 728) (2002).

[5] OCGA § 5-6-34.

[6] *Rebich v. Miles,* 264 Ga. at 468; *Olin Corp. v. Collins,* 261 Ga. 849 (413 SE2d 193) (1992).

[7] *Rebich,* 264 Ga. at 468.

[8] Id., quoting *C & S Nat. Bank v. Rayle,* 246 Ga. 727, 730 (273 SE2d 139) (1980).

[9] *Rebich,* 264 Ga. at 468; *Crymes v. Smith,* 260 Ga. 730 (401 SE2d 11) (1990). See *Bedford v. Bedford,* 246 Ga. 780 (273 SE2d 167) (1980).

[10] *Prison Health Svcs. v. Ga. Dept. of Admin. Svcs.,* 265 Ga. 810, 811 (462 SE2d 601) (1995).

Where both the direct and discretionary appeal statutes are implicated, it is always the underlying subject matter that will control whether the appeal must be brought pursuant to OCGA § 5-6-34 or § 5-6-35. Accordingly, we again caution litigants that before proceeding to this Court, a party should always " 'review the discretionary application statute to see if it covers the underlying subject matter of the appeal. If it does, then the party **must** file an application for appeal as provided under OCGA § 5-6-35.' "[11] This is true even where the order being appealed from concerns a trial court's ruling on mandamus relief.[12] While mandamus may be subject to a direct appeal as a matter of procedure, if the underlying subject matter requires an application to appeal, then the discretionary appeal procedures must be followed.[13]

Were our precedent to hold otherwise, litigants could avoid OCGA § 5-6-35's discretionary application requirements by seeking relief in the trial court that triggers the right to direct appeal, regardless of the underlying subject matter at issue. Our precedent has repeatedly emphasized that this is not permitted, as litigants cannot under any circumstances dictate the procedural or jurisdictional rules of this Court.[14]

2. In light of the foregoing discussion of this Court's jurisdiction, we must reexamine our recent opinion in *Sprayberry v. Dougherty County*.[15] That opinion reasoned that this Court had jurisdiction over an appeal because the "[a]ppellants did not file an appeal to the superior court seeking review of [an] . . . administrative decision . . . [but rather] brought a mandamus action directly against the Board."[16] Thus, on its face *Sprayberry* supports the proposition that in the present case, Ferguson's filing of a mandamus action against the Board entitled him to file a direct appeal to this Court.

As explained above, however, our precedent establishes that even where the trial court decision being appealed concerns mandamus relief, if the underlying subject matter requires an application to appeal, the discretionary appeal statute must be followed. Futhermore, if (as in *Sprayberry*), a request for mandamus relief "attack[s or defends] the validity"[17] of an administrative ruling "and

---

[11] *Rebich*, 264 Ga. at 469 (quoted by *Prison Health Svcs.*, 265 Ga. at 811) (emphasis supplied).

[12] *Rebich*, 264 Ga. at 468-469; *Crymes*, 260 Ga. at 730.

[13] *Rebich*, 264 Ga. at 468-469; *Crymes*, 260 Ga. at 730.

[14] See *Rebich*, 264 Ga. at 469; *OS Advertising Co. v. Rubin*, 267 Ga. 723, 725 (482 SE2d 295) (1997).

[15] 273 Ga. 503 (543 SE2d 29) (2001).

[16] 273 Ga. at 504.

[17] Id.

seek[s] to prevent [or promote] the enforcement thereof,"[18] the trial court must necessarily "review" the administrative decision before ruling on the request for mandamus relief.

Accordingly, to the extent *Sprayberry* holds that a litigant is not seeking "review" of an administrative decision by filing a mandamus action in superior court to attack or defend that decision, *Sprayberry* is hereby overruled. Similarly, to the extent *Sprayberry* holds that no application to appeal is required when a litigant appeals the superior court's decision in a mandamus action, it is also overruled.[19]

3. In the present appeal, the underlying subject matter concerns the review of an administrative agency decision, a subject that falls squarely within the purview of OCGA § 5-6-35. Accordingly, even though Ferguson sought to review that decision by mandamus, his proper vehicle for appellate review was the discretionary appeal procedures set forth in OCGA § 5-6-35. It follows that his direct appeal is hereby dismissed.

*Appeal dismissed. All the Justices concur, except Hunstein and Carley, JJ., who concur specially.*

CARLEY, Justice, concurring specially.

Appeals from decisions of the superior courts reviewing decisions of state and local administrative agencies generally must come by way of application for discretionary appeal. OCGA § 5-6-35 (a) (1). Ferguson's mandamus action clearly sought review by the superior court of the administrative decision regarding the reinstatement of

---

[18] Id.

[19] As an aside, we note that this Court may have had jurisdiction in *Sprayberry* for reasons not explained in the *Sprayberry* opinion. Our independent review of the record in *Sprayberry* shows that in that case, the county commission granted the appellee's application for a zoning variance. Appellants, the owners of adjoining property, brought a mandamus action challenging issuance of the variance. Although zoning is a subject matter falling within the scope of the discretionary appeal statute, OCGA § 5-6-35, the *Sprayberry* appellants sought relief for the first time in the superior court. This Court has not yet addressed whether a similarly-situated litigant who attacks an administrative ruling for the first time in superior court is bound by the requirements of the discretionary appeal statute when the subject matter of the appeal falls within OCGA § 5-6-35. But see *King v. City of Bainbridge*, 272 Ga. 427 (531 SE2d 350) (2000).

As explained above, the discretionary appeal statute gives appellate courts "discretion not to entertain an appeal where . . . two tribunals [have] already adjudicated the case." *Rebich*, 264 Ga. at 468. In *Sprayberry*, it appears that two tribunals had not already adjudicated the variance insofar as it related to the appellants. Thus, it is possible — but uncertain — that the *Sprayberry* appellants were excused from the discretionary application requirements. Resolving this particular issue would depend upon a number of considerations — including, among other things, whether the *Sprayberry* appellants had standing to challenge the variance at the administrative level, yet purposely "opted out" at that level in order to obtain a direct appeal. See note 14, supra, and accompanying text.

We need not address this issue in the present appeal, though, as it is undisputed that Ferguson was a party at both the administrative and superior court levels, and hence undoubtedly should have followed the discretionary appeal procedures.

his medical license. Therefore, he is not entitled to a direct appeal, but was required to comply with the discretionary appeal procedures. *Consolidated Gov't of Columbus v. Barwick*, 274 Ga. 176, 177 (1) (549 SE2d 73) (2001). Accordingly, I concur in Divisions 1 and 3 and in the judgment. However, I write specially because our recent decision in *Sprayberry v. Dougherty County*, 273 Ga. 503 (1) (543 SE2d 29) (2001) should not be overruled as the majority proposes in Division 2.

The majority asserts that "on its face *Sprayberry* supports the proposition that in the present case, Ferguson's filing of a mandamus action against the Board entitled him to file a direct appeal to this Court." However, it supports this conclusion only by selectively quoting from *Sprayberry* and substituting ellipses for the essential elements of its holding. The actual holding of *Sprayberry* is:

> Appellants did not file an appeal to the superior court seeking review of the Board's administrative decision *to rezone the adjoining property*. Instead, they brought a mandamus action directly against the Board, attacking the validity *of the rezoning* and seeking to prevent enforcement thereof. (Emphasis supplied.)

*Sprayberry v. Dougherty County*, supra at 504 (1). Thus, the appellants in *Sprayberry* were not the actual owners of the property which was rezoned. They were only neighboring landowners who did not participate in any manner in the administrative proceeding which resulted in the rezoning. See *Harrell v. Little Pup Development & Constr.*, 269 Ga. 143, 144 (1) (498 SE2d 251) (1998). I agree that the actual participants in an administrative proceeding should not be allowed to utilize mandamus or other legal procedures to obtain a subsequent direct appeal when the substance of the action in superior court is the review of an administrative decision. See *Rebich v. Miles*, 264 Ga. 467 (448 SE2d 192) (1994). However, local zoning ordinances, including those of Dougherty County, generally do not provide that neighboring landowners may obtain judicial review of rezoning decisions either by appeal or certiorari, nor does any state statute so provide. See *Brock v. Hall County*, 239 Ga. 160, 161 (236 SE2d 90) (1977). Because the appellants in *Sprayberry* were not parties to the administrative rezoning decision in question and were not authorized to appeal therefrom, they did not seek mandamus merely as a *substitute* for judicial review of the zoning decision. Thus, unlike this case, appellate review of the order entered in the mandamus action in *Sprayberry* did not require compliance with the discretionary appeal provisions.

It is entirely logical to treat the owners of adjacent rezoned property differently for purposes of appellate procedure. The successful

rezoning applicant is ordinarily a necessary party, under OCGA § 9-11-19, to a judicial challenge "of that change by neighboring land-owners. [Cit.] But neighboring landowners are not necessary parties to a property owner's appeal from an order denying his request for a zoning change." *Washington State Dept. of Corrections v. City of Kennewick*, 937 P2d 1119, 1125 (Wash. App. 1997). See also *Riverhill Community Assn. v. Cobb County Bd. of Commrs.*, 236 Ga. 856, 858 (3) (226 SE2d 54) (1976). As the majority concedes in footnote 19, OCGA § 5-6-35 (a) (1) applies " 'where . . . two tribunals (have) already adjudicated the case.' [Cit.] In *Sprayberry*, it appears that two tribunals had not already adjudicated the variance insofar as it related to the appellants." Indeed, two tribunals could not have adjudicated that issue, since the *Sprayberry* appellants were not parties to the administrative proceeding in which the rezoning decision was made.

The majority indicates that the appellants in *Sprayberry* may have had standing at the administrative level, yet purposely "opted out" so as to obtain a direct appeal. However, it fails to cite any authority for the remarkable proposition that *neighboring* landowners have an *obligation* to participate at the administrative level. Moreover, finding that the appellants in *Sprayberry* purposely declined to participate in the administrative proceeding in order to obtain a direct appeal would be insupportable in view of the fact that the administrative decision was issued three and one-half years prior to the institution of the mandamus action! By construing the neighbors' mandamus action in *Sprayberry* as an appeal from an administrative decision subject to OCGA § 5-6-35 (a) (1), the majority requires this Court to place in that same category every future case involving zoning, even where the last administrative action regarding the property at issue is decades old.

I join the majority in reaffirming the rule of *Rebich v. Miles*, supra, that a judgment or order which is otherwise directly appealable under OCGA § 5-6-34 comes within the discretionary application procedure *if* the underlying subject matter of the appeal is contained in OCGA § 5-6-35. However, that statute does not apply in any and all "zoning" cases. By its terms, it is limited to appeals from decisions by the superior court reviewing the zoning decisions of local administrative agencies. Even though *Rebich* applies, the judiciary cannot rewrite the plain language of the discretionary appeal statute. "[W]e cannot consider the applicability of the application requirement in zoning cases apart from its statutory basis." *Harrell v. Little Pup Development & Constr.*, supra at 144 (1). See also *Sprayberry v. Dougherty County*, supra at 504 (1). Unless and until the General Assembly amends OCGA § 5-6-35 to make all appeals in cases wherein *any* zoning decision is called into question subject to the dis-

cretionary appeal procedure, this Court must continue to enforce that statute as it is written. It cannot be said that *Sprayberry* was among those "[a]ppeals from decisions of the superior courts reviewing decisions of . . . administrative agencies. . . ." OCGA § 5-6-35 (a) (1). Therefore, it should remain viable precedent for the limited proposition that a neighbor who brings a mandamus action to challenge the rezoning of the adjoining property can appeal directly from an adverse judgment.

I am authorized to state that Justice Hunstein joins in this special concurrence.

HINES, Justice, concurring.

I concur in the majority opinion, but would go further and overrule this Court's opinion in *Sprayberry v. Dougherty County*, 273 Ga. 503 (543 SE2d 29) (2001), in its entirety, for the reasons set forth in my dissent in that case.

DECIDED JUNE 10, 2002.

*George B. Spears*, for appellant.

*Thurbert E. Baker, Attorney General, Maximillian J. Changus, Assistant Attorney General*, for appellee.