S04A0204. GEORGIA DEPARTMENT OF TRANSPORTATION et al. v. PEACH HILL PROPERTIES, INC.
(599 SE2d 167)

THOMPSON, Justice.

The question for decision in this declaratory judgment and mandamus case is whether the superior court abused its discretion by ordering the Georgia Department of Transportation ("DOT") to submit a landfill exemption request to the Federal Aviation Administration ("FAA"). We find that it did and, therefore, we reverse and remand for further proceedings.

Peach Hill Properties, Inc., wants to develop and operate a municipal solid waste landfill on property it owns in Peach County, Georgia. However, Peach Hills' property lies within six miles of the Middle Georgia Regional Airport in Macon, Georgia. Because landfills that are in close proximity to airports increase the risk of

collisions between birds and aircraft,[1] Peach Hill cannot turn its property into a landfill without first obtaining an exemption from the FAA. 49 USC § 44718 (d).[2]

The FAA will not exempt a landfill "unless the State aviation agency of the State in which the airport is located requests that the Administrator of the Federal Aviation Administration exempt the landfill . . . and the Administrator determines that such exemption would have no adverse impact on aviation safety." 49 USC § 44718 (d). Peach Hill initiated the exemption process by contacting Edward Ratigan of the Aviation Programs division of DOT. Ratigan informed Peach Hill that DOT had no guidelines for pursuing an exemption. Thereupon, Peach Hill retained Ron Merritt, an expert in bird strike analysis, to determine if the proposed landfill would impact aviation safety adversely.

After conducting a bird strike study, Merritt determined that there would be no adverse impact from the landfill. Peach Hill gave Merritt's bird strike report to Ratigan. Nevertheless, Peach Hill was informed that its exemption request would not be forwarded to the FAA.

Peach Hill and DOT continued to discuss the exemption request until, at a regularly scheduled DOT meeting, DOT amended its Georgia Airport System Plan Board Policy by adding a provision which reads:

> The Department of Transportation recognizes the responsibility of the Federal Aviation Administration for aviation safety. The DOT, in support of aviation safety, will not request

---

[1] See Pub. L. 106-181, § 503 (a), 114 Stat. 61, 133, in which Congress found that: (1) collisions between aircraft and birds have resulted in fatal accidents; (2) bird strikes pose a special danger to smaller aircraft; (3) landfills near airports pose a potential hazard to aircraft operating there because they attract birds; (4) even if the landfill is not located in the approach path of the airport's runway, it still poses a hazard because of the birds' ability to fly away from the landfill and into the path of oncoming planes; (5) while certain mileage limits have the potential to be arbitrary, keeping landfills at least six miles away from an airport, especially an airport served by small planes, is an appropriate minimum requirement for aviation safety; and (6) closure of existing landfills (due to concerns about aviation safety) should be avoided because of the likely disruption to those who use and depend on such landfills.

[2] This statute, known as Section 503 of the Wendall H. Ford Aviation Investment and Reform Act for the 21st Century, provides, in part:
No person shall construct or establish a municipal solid waste landfill . . . that receives putrescible waste . . . within six miles of a public airport that . . . is primarily served by general aviation aircraft and regularly scheduled flights of aircraft designed for 60 passengers or less . . .

waivers or exemptions to the siting requirements of landfills as established by the FAA.

Shortly after DOT announced its policy, Peach Hill filed a petition in superior court seeking mandamus and declaratory judgment. The case proceeded to trial where Merritt reiterated the findings of his bird strike study and testified that Peach Hill's landfill would not adversely affect aviation safety. No expert evidence was offered to rebut Merritt's findings.

At the conclusion of the trial, the superior court found the state's exemption policy, or the lack thereof, to be arbitrary and capricious and ordered DOT to seek a landfill exemption for Peach Hill from the FAA. DOT appeals.

1. Peach Hill moves to dismiss this direct appeal on the ground that it concerns administrative agency review. See OCGA § 5-6-35 (a) (1). We disagree. This appeal followed Peach Hill's attack on DOT's policy statement in superior court. Thus, unlike *Ferguson v. Composite State Board of Medical Examiners*, 275 Ga. 255 (564 SE2d 715) (2002), this appeal was not filed after two tribunals already adjudicated the case.

2. With regard to the situs of landfills, the federal aviation regulatory scheme vests state aviation agencies with discretion as to whether to request a municipal solid waste landfill exemption from the FAA. See 49 USC § 44718 (d) (2003); FAA Advisory Circular 150/5200-34.[3] In order to exercise that discretion, it is incumbent upon state aviation agencies to develop ascertainable standards to gauge whether landfill operators qualify for an exemption request. See generally *Arras v. Herrin*, 255 Ga. 11, 12 (334 SE2d 677) (1985). "[T]he state agency's exercise of discretion under § 503 (d) (1) . . . is not unprincipled; it is clear that the touchstone for any exemption request must be tied [to] the landfill's compatibility with air traffic safety, especially concerns about the potential for bird strikes." *Khodara Environmental v. Burch*, 245 FSupp2d 695, 726 (W.D. Pa. 2002).

In this case, DOT has given no guidelines to landfill operators as to how to qualify for an exemption. Instead, DOT enacted a blanket policy refusing to seek any exemptions from the FAA on the part of

---

[3] The Advisory Circular gives guidance, inter alia, "for a state aviation agency desiring to petition the FAA for an exemption." In so doing, it provides that any state agency petition for an exemption "should explain the nature and extent of relief sought, and contain information, documentation, views or arguments that demonstrate that an exemption from the statute would not have an adverse impact on aviation safety." The Advisory Circular can be looked to as a "logical and persuasive interpretation of Congress' true intent." *Khodara Environmental v. Burch*, 245 FSupp2d 695, 717 (W.D. Pa. 2002).

landfill operators. This, DOT could not do. It could not close its eyes to the landfill exemption process. It was required to establish objective guidelines enabling it to determine whether to request an exemption in any given case. But that is not to say that, in the absence of landfill exemption guidelines, DOT must honor all landfill exemption requests; that is a matter which ultimately lies within the sound discretion of DOT. Id.

Mandamus is an appropriate remedy to enforce the performance of a public duty which a public officer neglects or refuses to perform; but it is not available to compel an act which is discretionary. OCGA § 9-6-21 (a); *Douglas v. Bd. of Ed.*, 164 Ga. 271 (138 SE 226) (1927). In other words, mandamus can compel an official clothed with discretion to act, but it cannot mandate the outcome. As it is said: "Where the act required to be done involves the exercise of some degree of official discretion and judgment upon the part of the officer charged with its performance, the writ may properly command him to act, or, as is otherwise expressed, may set him in motion; it will not further control or interfere with his action, nor will it direct him to act in any specific manner." *Richmond County v. Steed*, 150 Ga. 229, 232 (103 SE 253) (1920). See also *Persons v. Mashburn*, 211 Ga. 477, 480 (86 SE2d 319) (1955) (mandamus is available to compel public official to exercise discretion, but not to control the exercise of that discretion). It follows that by ordering DOT to submit Peach Hill's exemption request to the FAA administrator, the superior court went too far. The only acts the superior court could mandate are (1) the development of reasonable guidelines enabling Peach Hill to seek a landfill exemption and (2) a prompt and fair consideration of Peach Hill's exemption request. The outcome of these acts cannot be mandated — that must be left to DOT's discretion.

In passing, we note that mandamus is in order when a public officer grossly abuses his or her discretion. See *City of Atlanta v. Wright*, 119 Ga. 207 (45 SE 994) (1903). Thus, once DOT establishes reasonable guidelines for seeking a landfill exemption, Peach Hill will be entitled to mandamus if it complies with those guidelines and DOT acts arbitrarily and capriciously in refusing to forward Peach Hill's exemption request. See *Crymes v. DeKalb County*, 258 Ga. 30 (364 SE2d 852) (1988); *Fulton County v. Bartenfeld*, 257 Ga. 766 (363 SE2d 555) (1988). See also *BFI Waste Systems of North America v. FAA*, 293 F3d 527, 532-535 (D.C. Cir. 2002) (FAA's denial of landfill operator's exemption request was arbitrary and capricious because, inter alia, FAA violated its own standards in conducting aeronautical study and its findings of adverse impact were not supported by the record).

*Judgment reversed and case remanded. All the Justices concur.*

DECIDED JULY 12, 2004.

*Thurbert E. Baker, Attorney General, Cynthia A. Presto, Assistant Attorney General*, for appellants.
*Wilson, Brock & Irby, Richard W. Wilson, Jr., Duane D. Pritchett, Dupree, King & Kimbrough, Hylton B. Dupree, Jr.*, for appellee.