## A04A2062. BEST TOBACCO, INC. v. DEPARTMENT OF REVENUE.

### (604 SE2d 578)

ELLINGTON, Judge.

Best Tobacco, Inc. filed an action in the Superior Court of Fulton County against the Georgia Department of Revenue seeking an injunction and a declaratory judgment. After a hearing on the Department's motion to dismiss the complaint, the superior court concluded that Best Tobacco had failed to exhaust available administrative remedies[1] and, therefore, that the complaint failed to state a claim upon which relief could be granted in the superior court. The superior court accordingly granted the Department's motion and dismissed the action for failure to state a claim. Best Tobacco appeals, challenging the superior court's application of the law. In its motion to dismiss this appeal, the Department argues this Court lacks jurisdiction because Best Tobacco failed to file an application for discretionary appeal pursuant to OCGA § 5-6-35 (a) (1). We agree and dismiss.

As will be discussed below, resolving the Department's motion to dismiss requires us to identify the underlying subject matter of the action Best Tobacco filed in the superior court. In its complaint, Best Tobacco alleged that it paid excise taxes on over 20,000 cartons of cigarettes and stamped the cigarettes to show that the required taxes had been paid. See OCGA § 48-11-1 et seq. After the cigarettes were stamped, but before they were sold, the General Assembly passed the "Enforcement of the Master Settlement Agreement," OCGA § 10-13A-1 et seq., which made the sale of those cigarettes illegal. With the intention of selling the cigarettes in another state, Best Tobacco asked the Department to cancel the stamps and refund the tax. The Department refused the request for a refund. In addition, the Department seized over 5,000 packs of cigarettes as contraband and refused Best Tobacco's demand to return them. Best Tobacco then filed suit, demanding the following relief: that the superior court issue a temporary restraining order and declaratory judgment commanding the Department either to release the seized cigarettes and allow them to be sold in Georgia or to release the cigarettes, authorize a procedure for cancelling the stamps so the cigarettes could be sold in another state, and refund the cost of the tax stamps. From this demand for relief, we see that the "underlying subject matter" of Best

---

[1] Specifically, the superior court noted that Best Tobacco failed to pursue two available administrative procedures: one pursuant to OCGA § 48-11-18 (a) (applying to the Revenue Commissioner for a hearing regarding Best Tobacco's requested refund) and one pursuant to OCGA § 50-13-11 (seeking a declaratory ruling by the Department regarding whether it is entitled to sell the cigarettes in Georgia).

Tobacco's action is the Revenue Commissioner's decision to deny Best Tobacco's request either to be allowed to sell the cigarettes in Georgia or to be allowed to sell the cigarettes in another state while recouping the tax paid in Georgia.

We now turn to the interplay of the statutes providing for direct appeals and for discretionary appeals. "OCGA § 5-6-35 was enacted by the Legislature in order to reduce the massive caseload of Georgia's appellate courts" by giving the appellate courts the discretion whether to entertain appeals concerning certain subject matters. (Footnote omitted.) *Ferguson v. Composite State Bd. of Med. Examiners*, 275 Ga. 255, 256 (1) (564 SE2d 715) (2002). When an appealed judgment or order is of a type listed in OCGA § 5-6-34, but concerns subject matter listed in OCGA § 5-6-35, both the direct and discretionary appeal statutes are implicated. In such cases, the Supreme Court of Georgia has held that the underlying subject matter prevails over the procedural judgment and determines whether the appellant has a right to a direct appeal or whether the appellant must seek discretionary review. Id. at 255, 257 (1). In other words, if the underlying subject matter of the relief sought in the trial court is listed in the discretionary appeal statute, the appellant must obtain permission to file an appeal, even though the judgment or order is listed in the direct appeal statute. Id. at 256 (1).

Under the subsection at issue here, OCGA § 5-6-35 (a) (1), we have the discretion on a case-by-case basis whether to allow an appeal from a decision of a state administrative agency, including decisions of the Revenue Commissioner (except cases involving ad valorem taxes).[2] *Schieffelin & Co. v. Strickland*, 253 Ga. 385, 387 (320 SE2d 358) (1984); *Plantation Pipe Line Co. v. Strickland*, 249 Ga. 829 (294 SE2d 471) (1982). As the Supreme Court observed, the clear intent of OCGA § 5-6-35 (a) (1) was to give the appellate courts the discretion not to entertain an appeal when two tribunals had already adjudicated the case, such as occurs when a superior court sits in an appellate capacity and reviews a decision of a local zoning board or a state administrative agency. *Rebich v. Miles*, 264 Ga. 467, 468-469 (448 SE2d 192) (1994).

In this case, one could argue that two tribunals have *not* adjudicated this case, since the superior court dismissed for failure to exhaust administrative remedies, rather than ruling on the merits of Best Tobacco's claims. But the absence of a second review on the merits is due to Best Tobacco's own decision to "opt out" of the

---

[2] The excise tax levied on consumers of tobacco products, and advanced by distributors, does not fall within the ad valorem tax exception. See OCGA § 48-11-2; *Blackmon v. Coastal Svc.*, 125 Ga. App. 28, 32-38 (2) (186 SE2d 441) (1971).

administrative process. See *Ferguson v. Composite State Bd. of Med. Examiners*, 275 Ga. at 257 (1), 258, n. 19; cf. *Ga. Dept. of Transp. v. Peach Hill Properties*, 278 Ga. 198, 200 (1) (599 SE2d 167) (2004) (property owner's challenge to agency policy was not the subject of any administrative decisional process). Best Tobacco may not circumvent the discretionary appeal requirement in this Court by filing an injunctive or declaratory action in the superior court. *Ferguson v. Composite State Bd. of Med. Examiners*, 275 Ga. at 257 (1); *Nelson v. Fulton County*, 262 Ga. App. 382-383 (585 SE2d 710) (2003). The Revenue Commissioner's decisions to deny Best Tobacco's request for a refund and to seize cigarettes as contraband are decisions of a state administrative agency. Because the appeal's underlying subject matter falls within the discretionary appeal statute and because Best Tobacco failed to file an application, we are without jurisdiction to hear the merits of his appeal. *Ferguson v. Composite State Bd. of Med. Examiners*, 275 Ga. at 255; *Rebich v. Miles*, 264 Ga. at 469; *Schieffelin & Co. v. Strickland*, 253 Ga. at 387; *Plantation Pipe Line Co. v. Strickland*, 249 Ga. at 830. Accordingly, this appeal is hereby dismissed.

*Appeal dismissed. Andrews, P. J., and Miller, J., concur.*

DECIDED SEPTEMBER 8, 2004.

*Wimberly, Lawson, Steckel, Nelson & Schneider, Paul Oliver*, for appellant.

*Thurbert E. Baker, Attorney General, William W. Banks, Jr., John B. Ballard, Jr., Assistant Attorneys General*, for appellee.

