## A06A0387. COX v. ACADEMY OF LITHONIA, INC.

(634 SE2d 778)

MIKELL, Judge.

The Academy of Lithonia, Inc. (the "Academy"), a charter school, filed a complaint for declaratory judgment, or in the alternative, for writ of mandamus, in the Superior Court of Fulton County against Kathy Cox, in her official capacity as Superintendent of Schools of the State of Georgia, the Georgia State Department of Education ("Georgia DOE"), the Georgia Board of Education (the "State Board") and its board members in their official capacities after the State Board and the Georgia DOE reduced the term in its charter school application from two years to one year. The DeKalb County Board of Education ("DeKalb Board") approved the renewal petition with the amended duration of one year.[1] In its complaint, the Academy requested that the trial court declare that the term of its renewal was at least two years, or in the alternative, that it issue a writ of mandamus to the Georgia DOE, the members of its board, and Cox requiring them to issue a revised charter. The trial court granted declaratory judgment, extending the duration of the charter to July 1, 2006, to comport with the end date that was approved by the DeKalb Board prior to the submission of the petition to the State Board. The appellants filed a direct appeal to this Court, arguing that they had the authority to reduce the term of the charter and that the Academy accepted the reduced charter term by operating thereunder. The Academy filed a motion to dismiss the appeal, arguing that this Court lacks jurisdiction because appellants failed to comply with the discretionary appeal requirements set forth in OCGA § 5-6-35. We agree and dismiss the appeal.

Under OCGA § 5-6-35 (a) (1), the discretionary appeal procedures must be followed to appeal the decision of a superior court reviewing the decision of the state board of education. "Where a declaratory judgment action essentially is an attempted appeal of an administrative decision, then the discretionary appeal procedures

---

[1] The record shows that in its original application for the renewal of its charter, the Academy initially sought a five-year renewal of its charter. The Academy then agreed to reduce the requested term to three years, and eventually revised its application to request a two-year renewal.

are required."[2] Even if the judgment or order is subject to direct appellate review, it is nonetheless subject to the discretionary appeal procedure if the underlying subject matter of the appeal is contained in OCGA § 5-6-35.[3] "Accordingly, . . . before proceeding to this Court, a party should always review the discretionary application statute to see if it covers the underlying subject matter of the appeal. If it does, then the party must file an application for appeal as provided under OCGA § 5-6-35."[4]

In opposition to the motion to dismiss, appellants rely on *Ga. Dept. of Transp. v. Peach Hill Properties*,[5] in which the Supreme Court held that the discretionary appeal procedure did not apply where the petitioner for declaratory judgment and mandamus attacked the state's policy statement in superior court. *Peach Hill Properties*, however, is distinguishable from the instant case. There, the appellee wanted to operate a landfill on property that was located close to an airport, which it could not do without obtaining an exemption from the Federal Aviation Administration ("FAA"). The FAA exempted landfills only if the state aviation agency requested the exemption and the landfill would not adversely affect aviation safety. The appellee submitted its request to the DOT and was informed that it would not be forwarded to the FAA. After much discussion about the request, the DOT adopted a general policy that in support of aviation safety, it would not submit requests for exemptions for landfills to the FAA.[6] It is this general policy statement that the appellee challenged in superior court, rather than its decision to deny the appellee's request.[7] Conversely, here, the Academy sought review of an administrative decision, not a policy adopted in connection therewith, and therefore, was required to follow the discretionary appeal procedures.

Appellants also argue that OCGA § 5-6-35 does not apply because the case had not been adjudicated by two tribunals. We rejected that argument in *Best Tobacco v. Dept. of Revenue*.[8] In that case, a taxpayer filed an action against the Department of Revenue seeking an injunction and a declaratory judgment after the commissioner

---

[2] (Citation omitted.) *Greenberg v. Griffith*, 226 Ga. App. 818 (487 SE2d 411) (1997).

[3] *Ferguson v. Composite State Bd. of Med. Examiners*, 275 Ga. 255, 256 (1) (564 SE2d 715) (2002) (appellant sought mandamus relief, which is ordinarily subject to direct appeal, but appeal was dismissed for failure to follow discretionary appeal procedures because underlying subject matter of appeal involved the review of a decision of an administrative agency).

[4] (Punctuation, footnote and emphasis omitted.) Id. at 257 (1).

[5] 278 Ga. 198 (599 SE2d 167) (2004).

[6] Id. at 200.

[7] Id. at 200 (1). In any event, the Supreme Court did not grant the appellee the relief sought, but held that the trial court abused its discretion by ordering the DOT to submit the request to the FAA and remanded the case for further proceedings. Id.

[8] 269 Ga. App. 484 (604 SE2d 578) (2004).

denied the taxpayer's request to sell cigarettes in the state or to sell them in another state while recouping the tax paid in Georgia. The superior court dismissed the case because the taxpayer had failed to exhaust available administrative remedies.[9] Therein, we stated that "[a]s the Supreme Court observed, the clear intent of OCGA § 5-6-35 (a) (1) was to give appellate courts the discretion not to entertain an appeal when two tribunals had already adjudicated the case, such as occurs when a superior court sits in an appellate capacity and reviews a decision of a . . . state administrative agency."[10] Even though we acknowledged that the argument could be asserted that two tribunals had not adjudicated the case since the superior court had not ruled on the merits, we nonetheless held the appeal was subject to the discretionary appeal requirements because its underlying subject matter fell within the statute and the taxpayer could not circumvent these requirements by opting out of the administrative process.[11] Similarly, here, the underlying subject matter is a review of the decision of the board of education. Therefore, the appellants were required to follow the discretionary appeal procedures.

Appellants' attempt to characterize the State Board's decision as an administrative decision to circumvent the discretionary appeal procedures is unavailing. In support of this argument, appellants rely on *Laughlin v. City of Atlanta*,[12] which sets forth the standard to determine when a writ of certiorari is the appropriate method of review[13] and is, therefore, inapposite. The statute clearly provides that appeals that require the review of a decision of the board of education must be made by application. Because this appeal was not so made, it is hereby dismissed.

*Appeal dismissed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JUNE 20, 2006 —
RECONSIDERATION DENIED JULY 25, 2006 — 

*Thurbert E. Baker, Attorney General, Stefan E. Ritter, Senior Assistant Attorney General, Alfred L. Evans, Jr., Assistant Attorney General*, for appellant.

---

[9] Id.

[10] Id. at 485, citing *Rebich v. Miles*, 264 Ga. 467, 468-469 (448 SE2d 192) (1994).

[11] Id. at 485-486. See also *Greenberg*, supra (where a declaratory judgment action essentially sought a review of a board of education decision, the discretionary appeal procedures apply).

[12] 265 Ga. App. 61 (592 SE2d 874) (2004).

[13] Id. at 62-63.

*Schreeder, Wheeler & Flint, David H. Flint, Scott W. Peters, Nathan M. Wheat,* for appellee.