# Court of Appeals
# of the State of Georgia

ATLANTA,  June 09, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1732. SHALINDA Y. MCGHEE v. DEVONTE PENNAMON et al.

The trial court entered a final decree of adoption on June 14, 2024, terminating Shalinda McGhee's parental rights and permitting the adoption of her minor child. On January 2, 2025, McGhee filed a motion to set aside the adoption decree, or in the alternative a motion for visitation rights. The trial court dismissed the motion to set aside as untimely but appointed McGhee as an equitable caregiver. McGhee now directly appeals from that order, challenging both the adoption and the dismissal of her motion to set aside. We lack jurisdiction.

Orders that both terminate parental rights and grant adoptions may be appealed directly, as long as the appellant raises arguments challenging the adoption. See *Sauls v. Atchison*, 326 Ga. App. 301, 303-304 (1) (756 SE2d 577) (2014). Similarly, an order granting equitable caregiver status is subject to direct appeal under OCGA § 5-6-34. See *Dias v. Boone*, 320 Ga. 785, 794 (2) (912 SE2d 547) (2025). In this case, however, rather than filing a timely direct appeal from the order terminating her parental rights and granting the adoption, McGhee filed a motion to set aside. An appeal from the denial of a motion to set aside a final judgment under OCGA § 9-11-60 (d) must be made by application for discretionary appeal. See OCGA § 5-6-35 (a) (8), (b); *Jim Ellis Atlanta, Inc. v. Adamson*, 283 Ga. App. 116, 116 (640 SE2d 688) (2006).

"Where both the direct and discretionary appeal statutes are implicated, it is always the underlying subject matter that will control whether the appeal must be brought pursuant to OCGA § 5-6-34 or OCGA § 5-6-35." *Ferguson v. Composite State Bd. of Med. Examiners*, 275 Ga. 255, 257 (1) (564 SE2d 715) (2002); see *Voyles v.*

*Voyles*, 301 Ga. 44, 47 (799 SE2d 160) (2017) (explaining that "the proper appellate procedure to employ depends upon the issue involved in the appeal"). Because McGhee did not timely appeal from the adoption order and now challenges not the equitable caregiver ruling, but the denial of her motion to set aside, she was required to file a discretionary application under OCGA § 5-6-35 (a) (8).

"Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Because McGhee failed to follow the requisite discretionary application procedure, we lack jurisdiction to consider this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
 *Clerk's Office, Atlanta,*   06/09/2025

 *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

 *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*