## S05A1866. LADZINSKE v. ALLEN et al.
(626 SE2d 83)

CARLEY, Justice.

Academy of America, Inc. leases to Academy of Lithonia, Inc. the facilities necessary for it to operate as a charter school. Beginning in 2001, the DeKalb County Department of Public Works considered the charter school to be exempt from the local zoning ordinance, and granted all necessary building permits and certificates of occupancy. In November 2003, the County issued a permit for the construction of a new building. Although the permit was posted on the property in a conspicuous place, Richard Ladzinske, who lives across the road from the charter school, raised no objection until after construction had actually commenced. Based on his inquiries in April and May, 2004, however, the County placed a hold on the construction and conducted an investigation. In August 2004, the Development Director and the Zoning Administrator affirmed that the charter school is exempt from the zoning ordinance, that the new building constitutes a valid accessory use to the charter school's operations, and that the building permit was properly issued. The construction resumed, and, in November 2004, Ladzinske brought suit for mandamus, injunctive and declaratory relief, and damages against Academy of America and other entities associated with it (School Appellees) and against the County and its CEO, Development Director, and Zoning Administrator (County Appellees).

After an evidentiary hearing, the trial court concluded that the charter school was immune from local zoning ordinances, that the new building comes within the zoning exemption, and that Ladzinske failed to appeal from the issuance of the building permit to the County Zoning Board of Appeals (ZBA). The trial court dismissed his claims for mandamus and declaratory relief, on the ground of his failure to exhaust administrative remedies, and denied an interlocutory injunction due to laches and the extreme unlikelihood of success on the merits. The trial court also held that these claims must fail because Academy of America had spent over $6.4 million on the project and had a vested right in the building permit. Ladzinske filed a notice of direct appeal from this order.

This case comes within our appellate jurisdiction "because cases involving the grant or denial of mandamus are within the exclusive jurisdiction of this Court without regard to the underlying subject matter or the legal issues raised. [Cit.]" *Mid-Georgia Environmental Mgmt. Group v. Meriwether County*, 277 Ga. 670, 671 (1) (594 SE2d 344) (2004). See also *Lamar County v. E.T. Carlyle Co.*, 277 Ga. 690, 691 (1) (594 SE2d 335) (2004). "The underlying subject matter, however, is relevant to determining whether a party is entitled to a direct appeal or must file an application to appeal from a mandamus

action." *Mid-Georgia Environmental Mgmt. Group v. Meriwether County*, supra. Appellees have moved to dismiss this appeal because of Ladzinske's failure to follow the discretionary appeal procedures as required by OCGA § 5-6-35 (a) (1). That statutory provision requires that "all appeals from 'decisions of the superior courts reviewing decisions of . . . state and local administrative agencies' must be brought to this Court by way of the discretionary appeal procedures set forth in OCGA § 5-6-35. [Cits.]" *Ferguson v. Composite State Bd. of Medical Examiners*, 275 Ga. 255, 256 (1) (564 SE2d 715) (2002).

In interpreting and applying OCGA § 5-6-35 (a) (1), this Court first looked to the underlying subject matter in zoning cases, beginning with *Trend Dev. Corp. v. Douglas County*, 259 Ga. 425 (1) (383 SE2d 123) (1989). *O S Advertising Co. of Ga. v. Rubin*, 267 Ga. 723, 724 (1) (482 SE2d 295) (1997). We subsequently ruled in *Rebich v. Miles*, 264 Ga. 467 (448 SE2d 192) (1994) that, if the underlying subject matter of the appeal, even in non-zoning cases, concerns the review of an administrative decision, then the discretionary appeal procedures must be followed. *Ferguson v. Composite State Bd. of Medical Examiners*, supra. Thus, "[w]hen a case involves mandamus, but also the review of an administrative agency ruling, a party must file an application to appeal. [Cit.]" *Mid-Georgia Environmental Mgmt. Group v. Meriwether County*, supra. This requirement also applies where "an administrative decision is attacked by way of a declaratory judgment action. [Cits.] And it applies to appeals of local governmental department decisions even if no administrative appeal was taken. [Cit.]" *Dunlap v. City of Atlanta*, 272 Ga. 523, 524 (531 SE2d 702) (2000).

The clear intent of OCGA § 5-6-35 " ' "was to give the appellate courts . . . the discretion not to entertain an appeal where the superior court had reviewed a decision of certain specified lower tribunals (i.e., two tribunals had already adjudicated the case)." ' [Cit.]" *Ferguson v. Composite State Bd. of Medical Examiners*, supra. This rationale for requiring a discretionary application does not apply where the person who seeks to appeal was not a party to the administrative proceedings, unless he had standing to participate therein, but purposely opted out at the administrative level. *Ferguson v. Composite State Bd. of Medical Examiners*, supra at 258 (2), fn. 19; *Best Tobacco v. Dept. of Revenue*, 269 Ga. App. 484, 485-486 (604 SE2d 578) (2004).

Ladzinske did not actually become a party to any administrative proceeding, and the DeKalb County Code does not contain any provision which would have enabled him to participate at the administrative level before and during the time when the School Appellees were seeking a building permit. Once such a permit was granted, however, the administrative appeal provision of the County's zoning ordinance had to be considered. Section 27-912 (a) of that ordinance

permits an appeal to the ZBA within 15 days "by any person aggrieved by . . . any final order, requirement, or decision of an administrative official, based on or made in the enforcement of the zoning ordinance . . . ." This language conferring the right to appeal is not restricted to review of administrative decisions which hold that a proposed use is prohibited, rather than allowed, under the zoning ordinance. Instead, it applies broadly to all those administrative decisions in which enforcement of the ordinance is at issue. The enforcement article of the zoning ordinance provides for building permits and requires that the Director of Public Works determine whether the applications for such permits comply with the zoning ordinance. A person is aggrieved by such a zoning enforcement decision if his property was the subject of that action "*or* . . . [s]aid person has a substantial interest in the action appealed from that is in danger of suffering special damage or injury not common to all property owners similarly situated." (Emphasis supplied.) Section 27-912 (a).

As a neighboring property owner, Ladzinske met this definition of an aggrieved party, and, therefore, was authorized to appeal to the ZBA from the administrative decision that the new building was appropriately exempt from zoning and thus that a building permit was permissible under the zoning ordinance and should be issued. The fact that he could have sought administrative review "attests to the fact that the [County's] decision was administrative." *Dunlap v. City of Atlanta*, supra. However, Ladzinske chose not to appeal to the ZBA within 15 days after the date of any administrative decision made in the enforcement of the zoning ordinance or even the date on which he learned of any such decision. See *Dunlap v. City of Atlanta*, supra at 523-524.

The trial court itself found that Ladzinske was entitled to utilize the administrative appeal procedure. We cannot determine whether the trial court also correctly concluded that dismissal was required for failure to exhaust his administrative remedies unless we have jurisdiction. Our holding is simply that the underlying subject matter concerns the review of an administrative zoning decision and, therefore, we have jurisdiction to address the merits only in the context of a discretionary appeal.

In this case, one could argue that two tribunals have *not* adjudicated this case, since the superior court dismissed for failure to exhaust administrative remedies, rather than ruling on the merits of [Ladzinske's] claims. But the absence of a second review on the merits is due to [his] own decision to "opt out" of the administrative process. [Cits.] (Emphasis in original.)

*Best Tobacco v. Dept. of Revenue*, supra. Although the trial court's order was appealable under OCGA § 5-6-34 (a), Ladzinske was nevertheless required to obtain permission to file the appeal, and could not circumvent the discretionary application requirements of OCGA § 5-6-35. *Ferguson v. Composite State Bd. of Medical Examiners*, supra at 257 (1); *Best Tobacco v. Dept. of Revenue*, supra at 486. Accordingly, this appeal must be dismissed.

*Appeal dismissed. All the Justices concur.*

DECIDED JANUARY 17, 2006 —
RECONSIDERATION DENIED FEBRUARY 27, 2006.

*J. M. Raffauf*, for appellant.

*Schreeder, Wheeler & Flint, David H. Flint, Scott W. Peters, Nathan M. Wheat, Eugene C. Reed, Jr., William J. Linkous III, Viviane H. Ernstes*, for appellees.