S12A0215, S12A0217, S12A0218. HAMRYKA et al. v. CITY OF DAWSONVILLE et al. (three cases).
(728 SE2d 197)

NAHMIAS, Justice.

Appellants West and Helen Hamryka are the owners of a tract of real property in Dawson County; Helen Hamryka owns and operates a horse training facility, Appellant Hidden Still Farm, Inc., on the property. Appellants made presentations at hearings of the City of Dawsonville Planning Commission and the Dawsonville City Council in opposition to a request by a neighboring property owner to rezone its land to permit the operation of a motorsports park. After the City Council approved the rezoning, Appellants filed a nine-count complaint against Appellees (the City of Dawsonville, its mayor, and the city council members) challenging the rezoning decision in the Superior Court of Dawson County. The superior court granted summary judgment to Appellees on three of the nine counts, and Appellants filed these three direct appeals to this Court.

We initially dismissed the appeals by order on November 7, 2011, for failure to comply with the discretionary appeal procedures of OCGA § 5-6-35. On Appellants' motion for reconsideration, however, we reinstated the appeals and directed the parties to brief whether OCGA § 5-6-35 (a) (1) applied. Having now had the benefit of full briefing

and oral argument on the issue, we conclude that these appeals come under OCGA § 5-6-35 (a) (1), and so we again dismiss them.

1. OCGA § 5-6-35 (a) (1) says that "[a]ppeals from decisions of the superior courts reviewing decisions of . . . state and local administrative agencies" must be brought by application for discretionary appeal under the procedures set forth in OCGA § 5-6-35. Here, the three counts of Appellants' complaint on which the superior court granted summary judgment sought to invalidate the zoning decision of the Dawsonville City Council because, in making its decision, the council allegedly failed to abide by certain local ordinances and state laws. Thus, Appellants' complaint asked the superior court to review a decision of a local administrative agency, and they are now appealing the decision of the superior court.

2. Appellants argue that OCGA § 5-6-35 (a) (1) does not apply because they sought review of the administrative zoning decision not by an appeal to the superior court under the City of Dawsonville Zoning Ordinance (which does not contain an appeal provision) but rather by an action for mandamus and declaratory judgment. But that does not take these cases out of OCGA § 5-6-35 (a) (1), which is not limited to "appeals" *to* the superior court but instead applies to appeals *from* the superior court's "review[ ]" of an administrative agency decision, however that judicial review is sought. See, e.g., *Ladzinske v. Allen*, 280 Ga. 264, 265 (626 SE2d 83) (2006) (holding that when "the underlying subject matter of the appeal" to an appellate court "concerns the [superior court's] review of an administrative decision, then the discretionary appeal procedures must be followed," even when the review was sought by way of a mandamus or declaratory judgment action); *Ferguson v. Composite State Bd. of Medical Examiners*, 275 Ga. 255, 258 (564 SE2d 715) (2002) (holding that a request for mandamus relief that attacks the validity of a local administrative decision constitutes a "review" of that decision within the meaning of OCGA § 5-6-35 (a) (1)).

3. Relying on *King v. City of Bainbridge*, 272 Ga. 427 (531 SE2d 350) (2000), Appellants also contend that they were not "parties" to the administrative proceeding that resulted in the zoning decision at issue, and thus they did not have to comply with OCGA § 5-6-35. *King*, however, is readily distinguishable. There, the city filed an action in superior court against a landowner, contending that she had violated the city's zoning ordinance by placing a mobile home on her property. In defense, the landowner contended that the zoning ordinance was unconstitutional in several respects. See id. at 427. Thus, in *King*, the landowner did not participate in a local administrative decision,

because there was no administrative proceeding regarding her property; likewise, the superior court was not reviewing a local administrative decision. Accordingly, the landowner was entitled to a direct appeal of the superior court's ruling. See id. at 428.

It is true that in cases applying OCGA § 5-6-35 (a) (1), we have sometimes referred to the "parties" in the administrative proceedings below. See, e.g., *Fulton County v. Congregation of Anshei Chesed*, 275 Ga. 856, 857 (572 SE2d 530) (2002) (holding that "a party to the decision of an administrative agency may not avoid the requirements of filing an application to appeal in the appellate courts by filing in superior court an action [such as mandamus] from which a direct appeal is authorized by OCGA § 5-6-34"); *Ladzinske*, 280 Ga. at 265 (explaining that the "rationale for requiring a discretionary application does not apply where the person who seeks to appeal was not a party to the administrative proceedings"). But the word "party" is used in this context not in the technical sense of whether the challenger in superior court was a formally named party in the administrative process, but rather in the generic sense of whether the challenger participated in the administrative proceedings at issue (or could have participated but purposely did not). Indeed, administrative proceedings may not formally name many of those who are legally entitled to raise issues with the administrative agency and then have standing to seek review of the administrative decision in superior court.

Here, for example, Georgia law required the City of Dawsonville to enact zoning procedures to permit anyone opposed to a zoning decision, such as the rezoning at issue, to participate in the administrative process. See OCGA § 36-66-5 (a). And as Appellants acknowledge, the City of Dawsonville has enacted such a provision, pursuant to which Appellants made substantive presentations in opposition to the rezoning request both in detailed letter briefs by their attorney to the City's Planning Commission and the City Council and at hearings before those administrative bodies. Appellants then were able to obtain review in the superior court of the issues they raised or could have raised before the administrative agency. Appellants therefore already had the opportunity to be heard by two tribunals — a local administrative agency and a superior court — and now ask this appellate court to consider the administrative decision yet again. OCGA § 5-6-35 (a) (1) requires a discretionary application to appeal in this situation. See *Ladzinske*, 280 Ga. at 265 (explaining that the purpose of OCGA § 5-6-35 is to give Georgia's busy appellate courts "the discretion not to entertain an appeal where the superior court

had reviewed a decision of certain specified lower tribunals (i.e., two tribunals had already adjudicated the case)" (citations and punctuation omitted)).

Indeed, we have held that OCGA § 5-6-35 (a) (1) applies where a neighboring property owner "did not actually become a party to any administrative proceeding" but *could have* participated at the administrative level by appealing the initial zoning decision to the local board of zoning appeals, and the superior court rejected review of the merits of the zoning decision due to the failure to exhaust administrative remedies. See *Ladzinske*, 280 Ga. at 265-267. It follows that OCGA § 5-6-35 (a) (1) applies here, where the neighboring property owners (Appellants) *actually* participated in the administrative process and the superior court also ruled on the merits of their challenges.

For these reasons, these appeals come under OCGA § 5-6-35 (a) (1), and Appellants were required to follow the discretionary appeal procedures. Because they failed to do so, these appeals must be dismissed.

*Appeals dismissed. All the Justices concur.*

DECIDED MAY 29, 2012.

*Hallman & Wingate, F. Edwin Hallman, Jr., Richard A. Wingate, Zachary M. Wilson III*, for appellants.

*Miles, Patterson, Hansford & Tallent, Dana B. Miles, McClure, Ramsay, Dickerson & Escoe, John A. Dickerson, Bambi N. Carswell, Moore & Hicks, Larry L. Hicks II*, for appellees.

*Coleman Talley, Alphonso A. Howell IV, Timothy M. Tanner, Wendy S. Butler*, amici curiae.