# Court of Appeals
# of the State of Georgia

ATLANTA,___July 08, 2015_____

*The Court of Appeals hereby passes the following order:*

## A15A2024. GRANT SMERECZYNSKY v. CITY OF GAINESVILLE, GEORGIA et al.

Grant Smereczynsky filed a petition for declaratory judgment, seeking a declaration that the City of Gainesville, Georgia, the mayor, and a number of council members violated the Commerce Clause of the United States Constitution, Art. I, Sec. 8, Cl. 3, and the Civil Rights Act, 42 U.S.C. § 1983, when they interpreted a zoning ordinance and its subsequent amendment to preclude him from building an "industrialized" single-family home on his property. Smereczynsky also requested a writ of mandamus ordering the defendants to reissue a building permit so he could complete construction on his property, and he sought preliminary and permanent injunctions, including a temporary restraining order enjoining the defendants from taking any further action to cause the removal of the home on the property. The trial court denied Smereczynsky's petition and requests for relief, finding that the defendants properly interpreted the local zoning ordinance applicable at the time Smereczynsky applied for his permit, that the zoning ordinance is constitutional, and that the amended ordinance did not apply to Smereczynsky's permit. Smereczynsky then filed this direct appeal. It appears, however, that jurisdiction may be proper in the Supreme Court.

The Supreme Court has exclusive jurisdiction over all cases involving construction of the Constitution of the State of Georgia and of the United States and all cases in which the constitutionality of a law, ordinance, or constitutional provision has been called into question. See Ga. Const. of 1983, Art. VI, Sec. VI, Para. II (1); *Atlanta Independent School System v. Lane*, 266 Ga. 657 (1) (469 SE2d 22) (1996).

Additionally, The Supreme Court has exclusive appellate jurisdiction of all cases involving extraordinary remedies, including mandamus. See Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (5); *Ladzinske v. Allen*, 280 Ga. 264 (626 SE2d 83) (2006) (cases involving the grant or denial of mandamus are within the exclusive jurisdiction of the Supreme Court without regard to the underlying subject matter or the legal issues raised). And, the Georgia Constitution grants the Supreme Court general appellate jurisdiction over "all equity cases." Ga. Const. of 1983, Art. IV, Sec. VI, Par. III (2). "'Equity cases' are those in which a substantive issue on appeal involves the legality or propriety of equitable relief sought in the superior court – whether that relief was granted or denied." *Beauchamp v. Knight*, 261 Ga. 608, 609 (2) (409 SE2d 208) (1991). In deference to the Supreme Court's jurisdiction and because this case involves constitutional challenges to a local ordinance, as well as a denial of mandamus and equitable relief, this appeal is ordered TRANSFERRED to the Supreme Court.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,* __07/08/2015__

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*