# Court of Appeals
# of the State of Georgia

ATLANTA,  March 23, 2017

*The Court of Appeals hereby passes the following order:*

## A17A1228.  JAMES HENRY MOORE v. SHERYL B. JOLLY.

James Henry Moore filed a petition for a writ of mandamus in the trial court, which the trial court dismissed.  On September 19, 2016, Moore filed a notice of appeal of the dismissal.  The Supreme Court, however, has exclusive appellate jurisdiction over all cases involving extraordinary remedies, including mandamus, where, as here, the notice of appeal was filed before January 1, 2017.[1]  See Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (5); *Ladzinske v. Allen*, 280 Ga. 264, 264 (626 SE2d 83) (2006) ("[C]ases involving the grant or denial of mandamus are within the exclusive jurisdiction of [the Supreme] Court without regard to the underlying subject matter or the legal issues raised.").

This case is thus TRANSFERRED to the Supreme Court for disposition.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  03/23/2017*
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] For cases in which a notice of appeal is filed on or after January 1, 2017, the Court of Appeals has appellate jurisdiction over "[a]ll cases involving extraordinary remedies, except those cases concerning proceedings in which a sentence of death was imposed or could be imposed and those cases concerning the execution of a sentence of death."  OCGA § 15-3-3.1 (a) (4); see Ga. L. 2016, p. 883, §§ 3-1, 6-1 (c). See generally *Williford v. Brown*, 299 Ga. 15, 16 (2), n. 1 (785 SE2d 864) (2016) (concerning the Appellate Jurisdiction Reform Act of 2016).