# Court of Appeals
# of the State of Georgia

ATLANTA,   September 20, 2017

*The Court of Appeals hereby passes the following order:*

## A18A0191. DEVENDRAKUMAR PATEL, AS AGENT FOR LANCE COHEN v. LASHAUN LOVETT et al.

In 2015, the City of Savannah Zoning Administrator denied Devendrakumar Patel's application to sell liquor by the package at an address in Savannah.  Patel appealed to the Savannah Zoning Board of Appeals, which affirmed the Zoning Administrator's decision.  Patel then instituted a civil action in the superior court, seeking review of the Zoning Board of Appeals's decision and a writ of mandamus.  The superior court denied Patel's request for mandamus relief, and he filed this direct appeal.  We lack jurisdiction.

"Appeals from decisions of the superior courts reviewing decisions of . . . state and local administrative agencies" must be initiated by filing an application for discretionary review.  OCGA § 5-6-35 (a) (1), (b); *Hamryka v. City of Dawsonville*, 291 Ga. 124, 125 (1) (728 SE2d 197) (2012).  The discretionary application statute, OCGA § 5-6-35 (a) (1), "is not limited to 'appeals' *to* the superior court but instead applies to appeals *from* the superior court's 'review[ ]' of an administrative agency decision, however that judicial review is sought."  *Hamryka*, 291 Ga. at 125 (2) (holding that a superior court ruling in an action for mandamus and declaratory relief challenging a city council's decision on a request to rezone certain property may be appealed only by application for discretionary review); accord *Ladzinske v. Allen*, 280 Ga. 264, 265-267 (626 SE2d 83) (2006) (a discretionary application is required to appeal a superior court's rulings on claims for a writ of mandamus, injunctive relief, and damages challenging a county's issuance of a building permit).

Here, Patel seeks to appeal a superior court ruling that reviewed an administrative agency decision. As a result, he was required to comply with the discretionary appeal procedures. See *Hamryka*, 291 Ga. at 125 (1) & (2); *Ladzinske*, 280 Ga. at 265-267; see also OCGA § 5-6-35 (a) (1), (b). His failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,    09/20/2017*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court hereto affixed the day and year last above written.*



_____ , *Clerk.*