# Court of Appeals
# of the State of Georgia

ATLANTA,  July 29, 2019

*The Court of Appeals hereby passes the following order:*

## A19I0286. COBB COUNTY, GEORGIA et al. v. LIDL US OPERATIONS, LLC.

Lidl US Operations, LLC ("Lidl") applied to the Cobb County Board of Commissioners  ("the Board") for special use permission. The Board denied the application, and Lidl filed a petition for certioari in the superior court. Lidl included additional claims for declaratory judgment, mandamus, and injunctive relief. Cobb County and its commissioners were listed as the defendants, and the Board was subsequently added as a respondent.

The defendants and the Board (collectively, "the applicants") filed motions to dismiss, asserting that Lidl's sole remedy was through a certiorari petition. The applicants argued that Lidl had not fully complied with the certiorari statute and thus the petition should be dismissed. The trial court denied the motion, and the applicants filed this application for interlocutory appeal. We, however, lack jurisdiction.

Pursuant to OCGA § 5-6-34 (b), "[w]here a *trial judge* in rendering an order, decision or judgment, not otherwise subject to direct appeal . . . certifies within ten days of entry thereof that the order, decision, or judgment is of such importance to the case that immediate review should be had, the Supreme Court or the Court of Appeals may thereupon, in their respective discretions, permit an appeal to be taken[.]" (emphasis supplied). A review under the certiorari statute is appellate in nature; the superior court is not acting as a "trial judge." See *Cochran v. City of Rockmart*, 242 Ga. 732, 733 (251 SE2d 259) (1978) (certiorari permits judicial review in superior court for litigants dissatisfied with the judgments of inferior judicatories). Thus, OCGA § 5-6-34 (b) has no application. See, e. g., *Howell v. Harden*, 231 Ga. 594 (203 SE2d 206) (1974) (judicial review under the Administrative Procedure Act is

appellate in nature, and only its final rulings may be appealed). Nothing in the certiorari statute permits interlocutory review of a superior court order. Rather, the applicants must wait until the superior court issues its final ruling and then may seek appellate review by filing an application for discretionary appeal. See OCGA § 5-6-35 (a) (1); *Ladzinske v. Allen*, 280 Ga. 264, 266 (626 SE2d 83) (2006) (holding that, where the underlying subject matter involves review of an administrative ruling, a party must file an application for discretionary appeal in order to invoke the jurisdiction of an appellate court). For these reasons, this application for interlocutory appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
   *Clerk's Office, Atlanta,  07/29/2019*
   *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*



_____ , *Clerk.*