# Court of Appeals
# of the State of Georgia

ATLANTA, August 01, 2019

*The Court of Appeals hereby passes the following order:*

## A19A2490. CHRISTOPHER ALLEN LARKEN HILL v. STEPHEN SCARLETT, SR., JUDGE et al.

Christopher Allen Larken Hill filed this direct appeal from the trial court's order dismissing his pro se petition for writ of mandamus and/or prohibition.[1] We, however, lack jurisdiction.

The record shows that Hill, the defendant in a pending divorce action, filed a separate mandamus petition asserting that the trial court in the divorce action abused its discretion by failing to perform ministerial duties in enforcing the rules of discovery, permitting the plaintiff to maliciously abuse the discovery process, refusing to allow Hill to represent himself in pursuing an emergency motion to compel, and failing to recuse. The mandamus action was assigned to a different judge, who dismissed the action. Hill appeals this ruling.

Appeals from "judgments or orders in divorce, alimony, and other domestic relations cases" must be made by application for discretionary appeal. OCGA § 5-6-35 (a) (2). In this regard, when "the underlying subject matter, i.e., the issues sought to be appealed, clearly arises from or is ancillary to divorce proceedings, or is derived from a marital relationship and divorce, the appeal is within the ambit of [OCGA § 5-6-35 (a) (2)]." *Russo v. Manning*, 252 Ga. 155, 155 (312 SE2d 319) (1984); see *Rebich v. Miles*, 264 Ga. 467, 468 (448 SE2d 192) (1994) ("[T]he underlying subject matter generally controls over the relief sought in determining the proper procedure

---

[1] Hill filed his appeal in the Supreme Court, which transferred the matter to this Court. See Case No. S19A1239, transferred July 1, 2019.

to follow to appeal."). Although Hill styled his action as a mandamus petition, he still seeks to challenge rulings made in the divorce proceeding. Accordingly, he was required to comply with the discretionary application procedure. A party cannot avoid compliance with OCGA § 5-6-35 (a) by filing a mandamus or declaratory judgment action in the superior court. Cf. *Hamryka v. City of Dawsonville*, 291 Ga. 124, 125 (2) (728 SE2d 197) (2012) (where the appellants sought appellate review of an administrative decision, compliance with OCGA § 5-6-35 was required even though review was sought through an action for mandamus and declaratory judgment).

Because Hill seeks to appeal rulings arising from a domestic relations case, he was required to file an application for discretionary appeal. His failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
      *Clerk's Office, Atlanta,  08/01/2019*
      *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
      *Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____, *Clerk.*