# Court of Appeals
# of the State of Georgia

ATLANTA,  April 23, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1133.  STEPHEN H. ARGUE v. MAYOR AND ALDERMAN OF THE CITY OF SAVANNAH.**

Stephen H. Argue filed a pro se complaint against multiple defendants, raising claims related to the City of Savannah's sale of certain real property.  He later filed an amended complaint, followed by a second amended complaint.  The defendants filed a motion to dismiss.  Argue subsequently filed a third amended complaint.  On October 31, 2019, the trial court entered an order granting the defendants' motion to dismiss.  Argue then filed this direct appeal.  The trial court's order, however, appears to be interlocutory.[1]

When a trial court's order adjudicates fewer than all of the claims asserted, the order is non-final. See *Johnson v. Hosp. Corp. of America*, 192 Ga. App. 628, 629 (385 SE2d 731) (1989). "In such circumstances, there must be an express determination under OCGA § 9-11-54 (b) or there must be compliance with the interlocutory appeal requirements of OCGA § 5-6-34 (b). Where neither of these code sections are followed, the appeal is premature and must be dismissed." Id. (punctuation omitted).

---

[1] Because we are dismissing this appeal as interlocutory, we do not address whether a final order by the trial court would be subject to the discretionary appeal procedures set forth in OCGA § 5-6-35.  See OCGA § 5-6-35 (a) (1) (application for discretionary appeal required to obtain review of "decisions of the superior courts reviewing decisions of . . . state and local administrative agencies"); *Hamryka v. City of Dawsonville*, 291 Ga. 124, 125 (2) (728 SE2d 197) (2012) (discretionary application required where case commenced as mandamus/declaratory judgment action seeking to invalidate administrative zoning decision).

Here, although the trial court's October 31, 2019 order granted the defendants' motion to dismiss in its entirety, the order specifically noted that the motion "does not address Counts 7 through 12 of the third amendment," and that the Court's ruling, therefore, "only encompasses the counts included in the March 22, 2019 [second] amendment." Because the trial court has not decided Counts 7 through 12, the trial court's order is non-final. See id. Accordingly, this appeal is premature and is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
        *Clerk's Office, Atlanta,   04/23/2020*
        *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
        *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

*, Clerk.*