# Court of Appeals
# of the State of Georgia

ATLANTA,  May 21, 2020

*The Court of Appeals hereby passes the following order:*

**A20A0729. DUDAR v. DEPARTMENT OF COMMUNITY AFFAIRS.**

Abdur Rahim Dib Dudar owns a home in Athens, Georgia, which he planned to rent to a participant in the Department of Community Affairs' Housing Choice Voucher Program. Based upon a dispute regarding the amount of rent to be charged to the participant, the Department of Community Affairs denied Dudar's Request for Tenancy Approval. Dudar then filed a lawsuit in the Superior Court of Fulton County, in which he sought damages from the Department of Community Affairs' denial of his request. The superior court granted the Department of Community Affairs' Motion to Dismiss on the grounds of sovereign immunity, failure to send an ante litem notice, and failure to state a claim upon which relief can be granted. Dudar filed this direct appeal challenging the superior court's order. We lack jurisdiction.

"'Appeals from decisions of the superior courts reviewing decisions of . . . state and local administrative agencies' must be brought by application for discretionary appeal under the procedures set forth in OCGA 5-6-35." *Hamryka v. City of Dawsonville*, 291 Ga. 124, 125 (1) (728 SE2d 197) (2012), quoting OCGA § 5-6-36 (a) (1). When OCGA § 5-6-35 (a) (1) applies, the appeal "must come by timely application, and if [it] come[s] instead by a notice of appeal, the appellate court is without jurisdiction and must dismiss the appeal." *State v. Intl. Keystone Knights of the Ku Klux Klan, Inc.*, 299 Ga. 392, 399 (4) (788 SE2d 455) (2016).

The Department of Community Affairs is a state administrative agency. See OCGA § 50-8-1. When the Department of Community Affairs denied Dudar's tenancy request, it made a decision that was adjudicatory in nature. See *Wolfe v. Board of Regents of the University System of Georgia*, 300 Ga. 223, 228 (2) (b) (794

SE2d 85) (2016) ("A decision of an adjudicatory nature is one that is immediate in application, is specific in application, and commonly involves an assessment of facts about the parties and their activities, businesses, and properties.") (citation and punctuation omitted). And the superior court's decision reviewed the decision of the Department of Community Affairs.

"[W]hen we consider the nature of the proceedings in the superior court for the purposes of OCGA § 5-6-35 (a) (1), we look to the substance of those proceedings, not merely the form of the relief sought." (Citations and punctuation omitted.) *Wolfe*, 300 Ga. at 230 (2) (c). Dudar's complaint asserted that the Department of Community Affairs' determination of rent and denial of his tenancy request was "deceptive," and sought damages of $24,340.80. The complaint thus "attack[ed] . . . the validity of an administrative ruling and [sought] to prevent . . . the enforcement thereof." (Citation and punctuation omitted.) Id. And this superior court "necessarily review[ed] the administrative decision." (Citation and punctuation omitted.) Id.

Because Dudar's appeal was from the superior court's review of a decision by a state administrative agency, it should have been brought by application for discretionary appeal under OCGA § 5-6-35. We therefore dismiss this direct appeal for lack of jurisdiction.



Court of Appeals of the State of Georgia
    Clerk's Office, Atlanta,___05/21/2020_____
    I certify that the above is a true extract from
the minutes of the Court of Appeals of Georgia.
    Witness my signature and the seal of said court
hereto affixed the day and year last above written.


_____ , Clerk.