# Court of Appeals
# of the State of Georgia

ATLANTA,  June 01, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1540. DRESDEN PROPERTIES, LLC v. CITY OF BROOKHAVEN et al.**

Dresden Properties, LLC ("Dresden") filed an "Appeal and Verified Complaint" in superior court against the City of Brookhaven, its mayor, its city council, and the individual city council members (collectively "Brookhaven"). The pleading sought a declaratory judgment and a writ of mandamus stemming from Brookhaven's refusal to rezone certain property. The trial court granted Brookhaven's motion for summary judgment on Dresden's mandamus claim, and Dresden filed this direct appeal. We, however, lack jurisdiction.

Under OCGA § 5-6-35 (a) (1), "[a]ppeals from the decisions of the superior courts reviewing decisions of . . . state and local administrative agencies . . . by certiorari or de novo proceedings" must be made by filing an application for discretionary appeal in this Court. See *Consolidated Govt. of Columbus v. Barwick*, 274 Ga. 176, 177 (1) (549 SE2d 73) (2001); *O S Advertising Co. of Ga. v. Rubin*, 267 Ga. 723 (482 SE2d 295) (1997). The Supreme Court has made clear that this statute applies even when, as here, a plaintiff files a declaratory judgment or mandamus action in superior court if the substance of that action pertains to judicial review of an agency decision. See *Hamryka v. City of Dawsonville*, 291 Ga. 124, 125 (2) (728 SE2d 197) (2012) (discretionary application required where case commenced as mandamus/declaratory judgment action seeking to invalidate administrative zoning decision). Because the action at issue seeks to challenge Brookhaven's zoning decision, Dresden was required to file an application for discretionary appeal to obtain review. See id. Dresden's failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta, 06/01/2020*
  *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
  *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*