# Court of Appeals
# of the State of Georgia

ATLANTA,  July 10, 2020

*The Court of Appeals hereby passes the following order:*

**A20A1984.  MARK W. FORSLING et al. v. PAMELA THOMPSON et al.**

Mark Forsling, Shedrick Ramsey, and three other plaintiffs filed a petition for writ of certiorari and other claims against Glynn County and multiple other defendants seeking to challenge the county development director's approval of a preliminary plat to develop certain property on St. Simons Island. The trial court entered separate orders determining that it lacked jurisdiction to consider the certiorari petition and dismissing the plaintiffs' remaining claims. Forsling and Ramsey ("Appellants") filed both an application for discretionary review and a notice of direct appeal seeking review of the trial court orders.[1] We denied the application for discretionary review, see Case No. A20D0158 (Dec. 2, 2019),[2] and the direct appeal is before us now. Appellees have moved to dismiss the appeal for lack of jurisdiction. We agree that we lack jurisdiction for the following two reasons.

First, a direct appeal is not authorized here. "Appeals from decisions of the superior courts reviewing decisions of . . . state and local administrative agencies" must be initiated by filing an application for discretionary review. OCGA § 5-6-35

---

[1] Appellants filed their discretionary application in the Supreme Court, which transferred it here upon finding no basis for subject matter jurisdiction there. See Case No. S20D0222 (Oct. 21, 2019). Their notice of appeal was also directed to the Supreme Court, which likewise transferred the ensuing appeal to this Court. See Case No. S20A1114 (May 7, 2020).

[2] Appellants have filed a certiorari petition in the Supreme Court seeking review of our denial of their discretionary application. See Case No. S20C0774 (docketed Jan. 23, 2020).

(a) (1), (b); *Hamryka v. City of Dawsonville*, 291 Ga. 124, 125 (1) (728 SE2d 197) (2012). The discretionary application statute, OCGA § 5-6-35 (a) (1), "is not limited to 'appeals' *to* the superior court but instead applies to appeals *from* the superior court's 'review[ ]' of an administrative agency decision, however that judicial review is sought." *Hamryka*, 291 Ga. at 125 (2) (holding that a superior court ruling in an action for mandamus and declaratory relief challenging a city council's decision on a request to rezone certain property may be appealed only by application for discretionary review); accord *Ladzinske v. Allen*, 280 Ga. 264, 265-267 (626 SE2d 83) (2006) (a discretionary application is required to appeal a superior court's rulings on claims for a writ of mandamus, injunctive relief, and damages challenging a county's issuance of a building permit).

Second, our denial of Appellants' application for discretionary review was a decision on the merits, and the doctrine of res judicata bars any subsequent appeals from the same trial court orders. See *Northwest Social & Civic Club v. Franklin*, 276 Ga. 859, 860 (583 SE2d 858) (2003); *Hook v. Bergen*, 286 Ga. App. 258, 261 (1) (649 SE2d 313) (2007).

Accordingly, Appellees' joint motion to dismiss is hereby GRANTED, and this appeal is DISMISSED for lack of jurisdiction. Appellants' motion to stay or extend deadlines is MOOT.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta, ___07/10/2020___
I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.



_____ , Clerk.