# Court of Appeals
# of the State of Georgia

ATLANTA,  March 26, 2021

*The Court of Appeals hereby passes the following order:*

**A21A0946. WARREN COOMBS v. JERE MOREHEAD et al.**

Following his expulsion from the University of Georgia, Warren Coombs sued the University's president, Jere Moorehead, and the Board of Regents (collectively, "the University"). The University filed a motion to dismiss the suit, which the trial court granted. This appeal followed.

"Although not raised by either party, it is our duty to inquire into our jurisdiction in any case in which there may be a doubt about the existence of such jurisdiction." *Hunt v. Callahan*, 353 Ga. App. 488, 488 (2) (838 SE2d 133) (2020) (punctuation omitted).

Ordinarily, a right of direct appeal lies from a final judgment,  see OCGA § 5-6-34 (a) (1); however, an appellant is required to file an application for a discretionary appeal from a judgment of a superior court reviewing the decision of a state or local administrative agency. See OCGA § 5-6-34 (a) (1); OCGA § 5-6-35 (a) (1), (b). Even if a plaintiff files a direct action in superior court, a discretionary application is required if, in substance, the plaintiff seeks appellate review of an administrative decision. See *Hamryka v. City of Dawsonville*, 291 Ga. 124, 125 (2) (728 SE2d 197) (2012). "A 'decision', as it is used with reference to administrative agencies, is a determination of an adjudicative nature. No formal adjudicative procedure is required. An administrative determination is adjudicative in character if it is particular and immediate, rather than, as in the case of legislative or rule making action, general and future in effect." *Clay v. Douglasville-Douglas County Water & Sewer Auth.*, 357 Ga. App. 434, 436 (1) (848 SE2d 733) (2020) (citations and punctuation omitted). If a plaintiff in a civil action "attacks or defends the

validity of an administrative ruling and seeks to prevent or promote the enforcement thereof, the trial court must necessarily review the administrative decision" to dispose of the case. *State of Ga. v. Intl. Keystone Knights of the Ku Klux Klan*, 299 Ga. 392, 399 (4) (788 SE2d 455) (2016) (punctuation omitted).

As a threshold matter, the Board of Regents is considered a state administrative agency under OCGA § 5-6-35 (a) (1). See *Wolfe v. Boards of Regents of the Univ. Sys. of Georgia*, 300 Ga. 223, 227 (2) (a) (794 SE2d 85) (2016). As the president of the university, Moorehead acted on behalf of this agency. See id. at 229 (2) (c); *Keystone Knights*, 299 Ga. at 407 (4) (a) (decision made by chief executive officer of a department constitutes the agency's decision). Thus, the relevant inquiry is whether Coombs sought to appeal the agency's administrative decision.

According to Coombs's complaint, Moorehead sent him a letter informing him of his expulsion. Coombs then pursued an administrative appeal. After exhausting his administrative remedies, Coombs filed suit in superior court. Coombs sought, among other things, to have his expulsion set aside. In other words, Coombs was squarely attacking the administrative decision to expel him. Under these circumstances, Coombs was required to file an application for discretionary appeal in order to obtain appellate review. See *Wolfe*, 300 Ga. at 232-233 (2) (d). His failure to do so deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* 03/26/2021
*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
*Witness my signature and the seal of said court hereto affixed the day and year last above written.*


_____, *Clerk.*