**THIRD DIVISION**
**DOYLE, P. J.,**
**HODGES and WATKINS, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 23, 2024**

# In the Court of Appeals of Georgia

A24A1122. KL PRODUCTIONS, LLC et al v. MERCEDES-BENZ
        U.S.A., LLC.

WATKINS, Judge.

KL Productions, LLC, and Kenneth Leon (collectively, the "Consumer") appeal from the superior court's order affirming a decision of the Department of Law's administrative arbitration panel. Because there is no right of direct appeal from such an order and the Consumer has failed to follow the discretionary appeal procedures, we dismiss this appeal for lack of jurisdiction.

Two and a half years after leasing a new Mercedes Benz S560V, the Consumer filed an application for state-operated arbitration against Mercedes-Benz USA, LLC

(the "Manufacturer") under the Georgia Lemon Law.[1] In accordance with the provisions of the Lemon Law, the matter was referred for arbitration before the Attorney General's motor vehicle arbitration panel (the "Panel").[2] Following a hearing, the Panel found that the Consumer was not eligible for relief under the Lemon Law and dismissed the case.

The Consumer appealed the Panel's decision to the superior court pursuant to OCGA § 10-1-787 (a).[3] After the superior court affirmed the Panel's decision and entered summary judgment in favor of the Manufacturer, the Consumer filed this direct appeal.

In response to the Consumer's appeal, the Manufacturer contends that this Court lacks jurisdiction because the Consumer failed to follow the discretionary appeal procedures. We agree.

---

[1] OCGA § 10-1-780 et seq. By its terms, the Lemon Law is intended "to create a procedure for expeditious resolution of complaints and disputes concerning [defectively manufactured] new motor vehicles[.]" OCGA § 10-1-781.

[2] See OCGA §§ 10-1-786 (b) (1); 10-1-789.

[3] OCGA § 10-1-787 was amended effective July 1, 2023, but the amendments are not germane to the issues presented in this appeal. Under both the former and current versions of the statute, parties may appeal the Panel's decision to the superior court for de novo review.

Under OCGA § 5-6-35 (a) (1), "[a]ppeals from decisions of the superior courts reviewing decisions of . . . state and local administrative agencies" must be brought by application for discretionary review.[4] Where a discretionary application is required, failure to follow the procedures set forth in OCGA § 5-6-35 deprives this Court of jurisdiction over the appeal.[5]

> [A] "decision," as that term is used in OCGA § 5-6-35 (a) (1), is one that is adjudicatory in nature, as opposed to executive or legislative. A decision of an adjudicatory nature is one that is immediate in application, is specific in application, and commonly involves an assessment of facts about the parties and their activities, businesses, and properties. It is not one that is, as in the case of legislative or rule making action, general and future in effect.[6]

The Consumer contends that OCGA § 5-6-35 (a) (1) does not apply to this case because the Panel's decision was not adjudicatory in nature. But as outlined above, the Panel's decision arose in the context of a dispute involving this consumer in

---

[4] See generally *Hamryka v. City of Dawsonville*, 291 Ga. 124 (728 SE2d 197) (2012).

[5] See *Hair Restoration Specialists v. State of Ga.*, 360 Ga. App. 901, 903 (862 SE2d 564) (2021).

[6] (Citation and punctuation omitted.) *Wolfe v. Bd. of Regents of the Univ. Sys. of Ga.*, 300 Ga. 223, 227-228 (b) (794 SE2d 85) (2016).

particular, and the Consumer had notice and an opportunity to be heard about the issues.[7] Additionally, the Panel's decision was "immediate and specific in its application" and "plainly resolve[d] the issues in this case."[8] It was, therefore, adjudicatory in nature, and under OCGA § 5-6-35 (a) (1), the Consumer was required to follow the discretionary appeal procedures set forth in OCGA § 5-6-35 (b) to obtain review before this Court. The Consumer's failure to do so deprives us of jurisdiction over this appeal.

*Appeal dismissed. Doyle, P. J., and Hodges, J., concur.*

---

[7] Cf. *Barrow v. Raffensperger*, 308 Ga. 660, 665 (2) (a) (842 SE2d 884) (2020) (Secretary of State's decision to cancel an election and fill a judicial vacancy by appointment was not adjudicatory in nature because it "was not made in the context of a dispute involving any particular person or entity; there was no notice or opportunity to be heard about the issues, or any apparent administrative procedure; there was no explanation provided for the decision when it was made; and the decision *was* general and prospective, affecting the upcoming qualifying period and [election] for *all* potential candidates and *all* Georgia voters.") (emphasis in original).

[8] (Citation and punctuation omitted.) *Jordan v. Dept. of Natural Resources*, 357 Ga. App. 625, 627 (2) (a) (851 SE2d 214) (2020). Cf. *Schumacher v. City of Roswell*, 301 Ga. 635, 637 (1) (803 SE2d 66) (2017) (city's adoption of a new development code was legislative, rather than adjudicatory, in nature).