# Court of Appeals
# of the State of Georgia

ATLANTA, February 24, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1207. JUBRIL AGBE et al. v. CITY OF ATLANTA.

In 2021, the City of Atlanta issued a building permit to renovate an automobile repair shop, but then revoked the permit because it violated local zoning regulations. Proceeding pro se, Jubril Agbe and Samuel Kwushue[1] filed an action against the City, challenging the City's application of the local zoning ordinance to the shop. The trial court thereafter granted the City's motion to dismiss under OCGA § 9-11-12 (b), and Agbe and Kwushue filed this direct appeal. We lack jurisdiction.

A zoning decision made by a local government constitutes the action of a local administrative agency within the meaning of OCGA § 5-6-35 (a) (1), and an appeal from a superior court decision reviewing a local administrative agency's decision must come by way of an application for discretionary appeal. *Hamryka v. City of Dawsonville*, 291 Ga. 124, 125 (1) (728 SE2d 197) (2012) (holding that an application was required to seek review of an administrative zoning decision under OCGA § 5-6-35 (a) (1) even though appellant filed a new action below, rather than appealing the zoning decision to the superior court); *Trend Dev. Corp. v. Douglas County*, 259 Ga. 425, 426 (1) (383 SE2d 123) (1989) (explaining that "all zoning cases" must come to the appellate courts by application for discretionary review).

---

[1] Kwushue had previously sought a writ of mandamus against the City's Director of the Department of City Planning to reinstate a revoked building permit and rezone the property. This Court affirmed the trial court's dismissal of that action in an unpublished opinion. See *Kwushue v. Pace et al.*, Case No. A23A0060 (May 10, 2023).

"Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996). Because Agbe and Kwushue challenge the superior court's review of a local administrative decision, their failure to file a discretionary application deprives us of jurisdiction over this appeal, which is hereby DISMISSED.



Court of Appeals of the State of Georgia
Clerk's Office, Atlanta,__02/24/2025_____

       I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.

       Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____, Clerk.