# Court of Appeals
# of the State of Georgia

ATLANTA,  May 01, 2025

*The Court of Appeals hereby passes the following order:*

## A25A1498. DANIEL HARKNESS v. COURTNEY HARKNESS.

In October 2024, Daniel and Courtney Harkness were divorced; the final judgment and decree of divorce incorporated a settlement agreement and a business separation agreement. The settlement agreement provided that the parties had fully resolved all claims against each other arising out of their marriage, and that each party released and intended to settle all claims regarding the division of property.[1]

Meanwhile, in June 2024, while the divorce action was pending, Daniel filed the complaint in this case, which set forth claims for breach of fiduciary duty, misappropriation of funds, and violation of private duty. Daniel's allegations in this lawsuit involved transactions by a limited liability corporation, which consisted of sole members Courtney and Daniel. Courtney answered the complaint and in December 2024, moved to dismiss the suit, arguing that the settlement agreement in the divorce case barred the lawsuit. The trial court granted the motion and dismissed this case, finding that the claims here duplicated those in the divorce action. From that order, Daniel filed this direct appeal. We lack jurisdiction.

Appeals from orders entered in domestic relations cases must come by application for discretionary review. See OCGA § 5-6-35 (a) (2). In this case, Daniel purported to file a new action, but "substance, rather than nomenclature, governs pleadings." *Kuriatnyk v. Kuriatnyk*, 286 Ga. 589, 590 (690 SE2d 397) (2010)

---

[1] In *Harkness v. Harkness*, Case No. A25A1512, Daniel has filed a direct appeal challenging the finding of contempt and other rulings in the divorce case.

(punctuation omitted). Here, in substance, Daniel's complaint was an attempt to relitigate the underlying domestic relations case between the parties. As such, in order to appeal, Daniel was required to file an application for discretionary appeal under OCGA § 5-6-35 (a) (2). See *Hamryka v. City of Dawsonville*, 291 Ga. 124, 125 (2) (728 SE2d 197) (2012) (holding that an application was required to seek review of an administrative zoning decision under OCGA § 5-6-35 (a) (1) even though appellant filed a new action below, rather than appealing the zoning decision to the superior court). "Compliance with the discretionary appeals procedure is jurisdictional." *Smoak v. Dept. of Human Resources*, 221 Ga. App. 257, 257 (471 SE2d 60) (1996).

Daniel's failure to follow the required appellate procedure deprives us of jurisdiction over this direct appeal, which is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office,*
*Atlanta,* 05/01/2025

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*